IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA A. BLOOM ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1804 (HHK) |
| ) | |
| FRANCIS J. HARVEY, Secretary, ) | |
| United States Army  et. al. ) | |
| ) | |
| Defendants. ) | |

## ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendants, by and through the United States Attorney for the District of Columbia, and, for its Answer to the Plaintiff's Complaint in the above entitled and numbered cause, herein admits, denies, and alleges as to the enumerated paragraphs of Plaintiff's Complaint as follows:

Paragraph 1 contains allegations regarding jurisdiction to which no response is required.

Paragraph 2 contains allegations regarding venue to which no response is required. .

Paragraph 3 contains allegations regarding jurisdiction to which no response is required.

Paragraph 4.  Defendants deny the allegations contained in this paragraph.

Paragraph 5.  Defendants admit that Plaintiff filed a complaint with the Defendant's servicing Equal Employment Opportunity Office identified by DA Docket Number CEHEC03APR0010.   Defendants admit that plaintiff's complaint was amended and that the Equal Employment Opportunity Commission has not issued a final decision.  Defendants admit

that plaintiff filed a request for a hearing with the Equal Employment Opportunity Commission. Defendants deny the remaining allegations in this paragraph.

Paragraph 6.  Defendants admit that plaintiff filed a complaint on July 30, 2004 identified by DA Docket Number No. ARCEHEC04AUG0019 and that amendments were filed. Defendants deny the rest of the allegations in this paragraph.

Paragraph 7.  Defendants admit that plaintiff filed a complaint on July 30, 2004 identified by DA Docket #ARCEHEC04JUN0015.  Defendants deny the rest of the allegations in this paragraph.

Paragraph 8.  Defendants admit that plaintiff filed a complaint on February 10, 2005 identified by DA Docket #ARCEHECSA04NOV08536.  Defendants deny the rest of the allegations in this paragraph.

Paragraph 9  Contains allegations regarding jurisdiction to which no response is required. to the extent a response is required the allegations are denied.

Paragraph 10  Defendants admit that Plaintiff is employed by the United States Army Corps of Engineers.  Defendants deny that plaintiff is employed as a Facilitator and aver that as of October 1005 plaintiff is a Strategic Planner.  Defendants are without sufficient information to admit or deny the rest of the allegations in this paragraph.

Paragraph 11.  Defendants admit the allegations in this paragraph.

Paragraph 12.  Defendants admit the allegations in this paragraph.

Paragraph 13.  Defendants admit the allegations in this paragraph.

Paragraph 14.  Defendants admit the allegations in this paragraph

Paragraph 15.  Defendants admit the allegations in this paragraph accept avers that plaintiff was appointed to her federal position vice being hired.

Paragraph 16.  Defendants admit plaintiff received promotions, appraisals, within-grade increases, cash awards, Quality Step Increases, training, and letters and notes from within and outside the U.S. Army Corps of Engineers.  Defendants deny the remaining allegations in this paragraph.

Paragraph 17  Defendants admit that in 1996 plaintiff was promoted in the Baltimore District Corps Office.  Defendants deny the rest of the allegations in this paragraph.

Paragraph 18.  Defendants admit that plaintiff contacted her supervisors regarding the Spring Valley Project.  Defendants are without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 18.

Paragraph 19.  Defendants deny the allegations in this paragraph

Paragraph 20.  Defendants deny the allegations in this paragraph.

Paragraph 21.   Defendants admit that the Department of Justice investigated the Spring Valley project and that the Department of Justice contacted Susan Platt.  Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations regarding the Department of Justice contact with Ken Powers.  Defendants deny the remaining allegations in this paragraph.

Paragraph 22.  Defendants deny the allegations in this paragraph.

Paragraph 23.  Defendants admit that plaintiff contacted the USACE Inspector General.  Defendants admit that the IG reports to the USACE commanding general.  Defendants deny the rest of the allegations in this paragraph.

Paragraph 24. Defendants admit that the Command Planning Group was under the Chief, U.S. Army Corps of Engineers.  Defendants deny the rest of the allegations in this paragraph.

Paragraph 25. Defendants admit that the plaintiff's Permanent Change of Station has the job title Strategic Planner, grade, GS-13, and series 0301. Defendants deny the rest of the allegations in this paragraph.

Paragraph 26.  Defendants admit that three GS-15 employees, Mr. Bruce Elliot (Deputy), Mr. Sean Wachutka, and Ms. Toni Trombecky were hired in the Command Planning Group and that Ms. Toni Trombecky referred to herself as the management team.  Defendants deny the rest of the allegations in this paragraph.

Paragraph 27.  Defendants admit that in July 2002 there was a party at Colonel Saia's home.  Defendants are without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 27.

Paragraph 28. Defendants deny the allegations in this paragraph.

Paragraph 29. Defendants deny the allegations in this paragraph.

Paragraph 30. Defendants deny the allegations in this paragraph.

Paragraph 31.  Defendants admit that in July 2002 there was a party at Colonel Saia's home. Defendants admit that Ms. Trombecky accused plaintiff of attempting to undermine her authority.  Defendants deny the remaining allegations

Paragraph 32.  Defendants admit there was a holiday party in November 2002. Defendants admit plaintiff said she thought she was going to the party.  Defendants deny the rest of the allegations in this paragraph.

Paragraph 33.  Defendants admit there was a party at Mr. Elliott's home on November 16, 2002.  Defendants admit there were people gathered in the home.  Defendants admit that Mr. and Mrs. Trombecky were in attendance.  Defendants admit that plaintiff left the party.  Defendants deny the rest of the allegations in this paragraph.

Paragraph 34.  Defendants admit that the official SF-50 has the title Facilitator. Defendants deny the rest of the allegations in this paragraph.

Paragraph 35. Defendants admit there was a reorganization plan known as USACE 2012 Defendants deny the rest of the allegations in this paragraph.

Paragraph 36.  Defendants deny the allegations in this paragraph.

Paragraph 37.  Defendants deny the allegations in this paragraph.

Paragraph 38.  Defendants admit that Ms. Bloom and Anil Patel, a Corps of Engineers employee contacted Mr. Elliott between January 21-24, 2003.  Defendants deny the rest of the allegations.

Paragraph 39.  Defendants deny the allegations in this paragraph.

Paragraph 40.  Defendants deny the allegations in this paragraph.

Paragraph 41.  Defendants admit that the plaintiff contacted Mr. Elliott on February 4, 2003.  Defendants deny the rest of the allegations in this paragraph

Paragraph 42.  Defendants admit that plaintiff requested to work at home.   Defendants admit that Ms. Trombecky complied with plaintiff's leave request.  Defendants deny the rest of the allegations in this paragraph.

Paragraph 43.  Defendants admit there was a meeting on or about February 11, 2003 and that there was an armed guard outside the room.  Defendants admit that plaintiff was given a letter of reprimand.  Defendants deny the rest of the allegations contained in the paragraph.

Paragraph 44.  Defendants admit the allegation contained in this paragraph.

Paragraph 45.  Defendants admit that plaintiff contacted various individuals between February 11, 2003 and April 22, 2003.  Defendants deny the rest of the allegations contained in the paragraph.

Paragraph 46.  Defendants admit that Ms. Trombecky requested that the Threat Assessment Team meet regarding plaintiff.  Defendants deny the rest of the allegations in this paragraph.

Paragraph 47.  Defendants admit the allegation contained in this paragraph.

Paragraph 48.  Defendants deny the allegations in this paragraph.

Paragraph 49 Defendants admit that Ms. Bloom submitted a grievance On or about March 10, 2003.  Defendants deny the rest of the allegations in this paragraph.

Paragraph 50.  Defendants admit that on March 10, 2003 Ms. Bloom wrote an e-mail regarding the subjects listed to LTG Flowers.  Defendants deny the substance of the allegations.

Paragraph 51. Defendants admit that plaintiff was charged for 3.75 hours of AWOL for March 5, 2003 and was notified.  Defendants admit that Mr. Roedel was removed from Federal service.  Defendants admit that Ms. Trombecky stated she had been told that plaintiff was with her colleague Mr. Robert Roedel.  Defendants admit that she received a memorandum of indebtedness for 3.75 hours of leave without pay for March 5, 2003.  Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph.

Paragraph 52.  Defendants admit that Plaintiff filed a complaint with the Defendant's servicing Equal Employment Opportunity Office identified by DA Docket Number CEHEC03APR0010.   Defendants admit that plaintiff's complaint was amended.

Paragraph 53.  Defendants admit that Ms. Trombecky referred the plaintiff to the Employee Assistance Program for anger management.  Defendants deny that the referrals were mandatory and denies that Ms. Trombecky lacked a reason for the referrals.

Paragraph 54. Defendants deny the allegations in this paragraph.

Paragraph 55.  Defendants deny the allegations in this paragraph.

Paragraph 56. Defendants admit that in May of 2003, Ms. Trombecky and Mr. Elliot denied Plaintiff's request to attend the International Association of Facilitators Conference and Training and that Plaintiff was the only official Facilitator within the CPG. Defendants deny the rest of the allegations in the paragraph.

Paragraph 57. Defendants admit that MG Van Winkle directed Colonel Schroedel to attempt to locate a position for the plaintiff. Defendants deny the rest of the allegations in the paragraph.

Paragraph 58. Defendants admit that plaintiff sent an email to Lieutenant General Flowers on May 7, 2003 alleging that she believed she was being discriminated and retaliated against. Defendants deny the substance of the allegations in the e-mails and deny the rest of the allegations in this paragraph.

Paragraph 59. Defendants deny the allegations in this paragraph.

Paragraph 60. Defendants deny the allegations in this paragraph.

Paragraph 61. Defendants admit that on July 3, 2003, Ms. Bloom's leave was changed from annual leave to restored annual leave. Defendants deny the rest of the allegations in this paragraph.

Paragraph 62. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

Paragraph 63. Defendants deny the allegations in this paragraph.

Paragraph 64. Defendants admit that plaintiff made requests to the Chief of Staff, Colonel Michael Walsh and to the Deputy Commanding General, MG Robert Griffin. Defendants admit that Ms. Bloom met with the Chief of Engineers, LTG Flowers, in October. Defendants deny the rest of the allegations in this paragraph.

Paragraph 65. Defendants admit that the Inspector General conducted sessions with employees in the CPG in 2003 and told them that their responses would be non-attributional. Defendants deny the rest of the allegations in this paragraph.

Paragraph 66. Defendants admit that Ms. Bloom was informed she was a facilitator and issued her TAPES support form on December 19, 2003. Defendants deny the rest of the allegations in this paragraph.

Paragraph 67. Defendants deny the allegations in this paragraph.

Paragraph 68. Defendants admit that plaintiff filed a complaint on July 30, 2004 identified by Army Docket No. ARCEHEC04AUG0019 and amendments were filed. Defendants deny the rest of the allegations in this paragraph.

Paragraph 69. Defendants admit that plaintiff filed a complaint on July 30, 2004 identified by DA Docket #ARCEHEC04JUN0015. Defendants deny the rest of the allegations in this paragraph.

Paragraph 70. Defendants admit that Ms. Bloom was given a 30 working day suspension between August 9, 2004 and September 20, 2004. Defendants deny that the suspension was unwarranted.

Paragraph 71. Defendants admit that the date of her security eligibility is August 18, 1994 and that plaintiff was employed by the US Air Force in 1994. Defendants deny the rest of the allegations in this paragraph.

Paragraph 72. Defendants deny the allegations in this paragraph.

Paragraph 73. Defendants deny the allegations in this paragraph.

Paragraph 74. Defendants admit that Mr. Wachutka informed plaintiff that her Security Clearance was her responsibility. Defendants deny the rest of the allegations in this paragraph.

Paragraph 75.  Defendants admit that key positions currently being advertised at HQ USACE and at other USACE offices as well as in other federal agencies require clearance. Defendants deny the allegations in this paragraph.

Paragraph 76. Defendants deny the allegations in this paragraph.

Paragraph 77.  Defendants are without sufficient information to admit or deny the allegation that security clearance's require an "in depth" review of a persons life and history. Defendants aver that different levels of security clearance require different levels of investigation into ones background.  Defendants deny the rest of the allegations in this paragraph.

Paragraph 78. Defendants admit that performance appraisals are generally considered in a reduction in force.  Defendants are without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.

Paragraph 79.  Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

Paragraph 80.  Defendants admit that between February 2003 and December 19, 2003, Ms. Bloom never received a signed and approved written performance plan by her supervisor or senior rater.  Defendants admit that Ms. Bloom requested to meet to establish a written performance plan.  Defendants admit that plaintiff received the highest rating on her Senior System Evaluation Report for 2001/10/01 thru 2002/09/30.  Defendant denies the rest of the allegations in this paragraph.

Paragraph 81.  Defendants deny the allegations contained in this paragraph and aver that Plaintiff's October 22, 2004 performance appraisal indicates "fails 1 or more objectives."

Paragraph 82.  Defendants deny the allegations in this paragraph.

Paragraph 83.  Defendants admit the allegations in this paragraph.

Paragraph 84.  Defendants deny that plaintiff was subjected a hostile work environment.

Subparagraph a.  Defendants admit that plaintiff received a letter of reprimand. Defendants deny the remaining allegations in this subparagraph.

Subparagraph b.  Defendants admit that plaintiff received a 30 working day suspension. Defendants deny the remaining allegations in this subparagraph.

Subparagraph c.  Defendants admit that the did not change her job title. Defendants deny the remaining allegations in this subparagraph.

Subparagraph d  Defendants deny the allegations in this subparagraph.

Subparagraph e.  Defendants deny the allegations in this subparagraph.

Subparagraph f.  Defendants deny the allegations in this subparagraph.

Subparagraph g.  Defendants admit that they presented her with job announcements, defendants deny that this resulted in a hostile environment or was done for a discriminatory purpose.

Subparagraph h. Defendants deny the allegations in this subparagraph.

Subparagraph i.  Defendants deny the allegations in this subparagraph.

Subparagraph j.  Defendants deny the allegations in this subparagraph.

Subparagraph k. Defendants deny the allegations in this subparagraph.

Subparagraph l.  Defendants deny the allegations in this subparagraph.

Subparagraph m. Defendants deny the allegations in this subparagraph.

Subparagraph n. Defendants deny the allegations in this subparagraph.

Subparagraph o. Defendants deny the allegations in this subparagraph.

Subparagraph p. Defendants deny the allegations in this subparagraph.

Subparagraph q. Defendants deny the allegations in this subparagraph.

Subparagraph r. Defendants admit that Plaintiff's supervisor told plaintiff she is on "progressive discipline."

Subparagraph s. Defendants deny the allegations in this subparagraph.

Subparagraph t. Defendants deny the allegations in this subparagraph.

Subparagraph u. Defendants deny the allegations in this subparagraph.

Subparagraph v. Defendants deny the allegations in this subparagraph.

Subparagraph w. Defendants deny the allegations in this subparagraph.

Subparagraph x. Defendants deny the allegations in this subparagraph.

Subparagraph y. Defendants deny the allegations in this subparagraph.

Subparagraph z. Defendants deny the allegations in this subparagraph.

Subparagraph aa. Defendants deny the allegations in this subparagraph.

Subparagraph bb. Defendants deny the allegations in this subparagraph.

Subparagraph cc. Defendants deny the allegations contained in this paragraph and aver that Plaintiff's October 22, 2004 performance appraisal indicates "fails 1 or more objectives."

Subparagraph dd. Defendants admit that plaintiff was placed on a performance improvement plan, defendants deny that this was unwarranted or done for a discriminatory purpose.

Subparagraph ee. Defendants admit that plaintiff was denied requests to attend training conferences, defendants deny that this was unwarranted or done for a discriminatory purpose.

Subparagraph ff. Defendants deny the allegations in this subparagraph.

Subparagraph gg. Defendants admit that plaintiff was denied advance sick leave, defendants deny that this was unwarranted or done for a discriminatory purpose.

Paragraph 85. Defendants deny the allegations in this paragraph.

Paragraph 86. Defendants admit that plaintiff filed a complaint on February 10, 2005 identified by DA Docket #ARCEHECSA04NOV08536.

Paragraph 87. Defendants restate and reassert their responses to paragraphs 1-86.

Paragraph 88.  This paragraph restates the allegations in paragraph 84, which were restated in paragraph 87 and 90.  Defendants restate and reassert their response to paragraph 84.

Paragraph 89.  This paragraph contains a claim for damages to which no response is required.  To the extent a response is required, defendant denies the allegations.

Paragraph 90.  Defendants restate and reassert their responses to paragraphs 1-89.

Paragraph 91.  Defendants deny the allegations in this paragraph

Paragraph 92.  Defendants admit that Ms. Blooms' PCS orders refer to her job title as a Strategic Planner.  Defendants deny the remaining allegations in this paragraph.

Paragraph 93.  Defendants deny the allegations in this paragraph.

Paragraph 94.  Defendants deny the allegations in this paragraph.

Paragraph 95.  Defendants deny the allegations in this paragraph.

Paragraph 96.  Defendants deny the allegations in this paragraph.

Paragraph 97.  Defendants admit the allegations in this paragraph.

Paragraph 98. This paragraph restates the allegations in paragraph 51, which were restated in paragraph 87 and 90.  Defendants restate and reassert their response to paragraph 51.

Paragraph 99. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

Paragraph 100.  This paragraph restates the allegations in paragraph 57, which were restated in paragraph 87 and 90.  Defendants restate and reassert their response to paragraph 57.

Paragraph 101.   Defendants are without sufficient information to admit or deny the allegations in this paragraph.

Paragraph 102.  Defendant admits that plaintiff was suspended from August 9, 2004 to September 20, 2004 and this resulted in a loss of pay and benefits.  Defendant denies the remaining allegations contained in paragraph 102.

Paragraph 103.  Defendant admits that plaintiff was denied advance sick leave between February 2003 and December 2004.  Defendant denies the remaining allegations contained in this paragraph.

Paragraph 104.  This paragraph restates the allegations in paragraph 78, which were restated in paragraph 87 and 90.  Defendants restate and reassert their response to paragraph 78.

Paragraph 105.  This paragraph restates the allegations in paragraph 80, which were restated in paragraph 87 and 90.  Defendants restate and reassert their response to paragraph 80.

Paragraph 106. Defendants deny the allegation contained in this paragraph.

Paragraph 107.  Defendants denies the allegations contained in this paragraph.

Paragraph 108.  Defendants admit that plaintiff was placed on a performance improvement plan, defendants deny that this was unwarranted or done for a discriminatory purpose.

Paragraph 109.  This paragraph restates the allegations in paragraph 77, which were restated in paragraph 87 and 90.  Defendants restate and reassert their response to paragraph 77.

Paragraph 110.  This paragraph restates the allegations in paragraph 71, which were restated in paragraph 87 and 90.  Defendants restate and reassert their response to paragraph 71.

 Paragraph 111.  This paragraph restates the allegations in paragraph 72, which were restated in paragraph 87 and 90.  Defendants restate and reassert their response to paragraph 72.

Paragraph 112.  This paragraph restates the allegations in paragraph 73, which were restated in paragraph 87 and 90.  Defendants restate and reassert their response to paragraph 73.

Paragraph 113.  This paragraph restates the allegations in paragraph 74, which were restated in paragraph 87 and 90.  Defendants restate and reassert their response to paragraph 74.

Paragraph 114.  This paragraph restates the allegations in paragraph 75, which were restated in paragraph 87 and 90.  Defendants restate and reassert their response to paragraph 75.

Paragraph 115. This paragraph restates the allegations in paragraph 76, which were restated in paragraph 87 and 90. Defendants restate and reassert their response to paragraph 76.

Paragraph 116. Defendant denies the allegations contained in this paragraph.

Paragraph 117. Defendants restate and reassert their responses to paragraphs 1-116.

Paragraph 118. This paragraph restates the allegations in paragraph 27, restated in paragraphs 87, 90 and 117. Defendants restate and reassert their response to paragraph 27.

Paragraph 119. This paragraph restates the allegations in paragraph 28, restated in paragraphs 87, 90 and 117. Defendants restate and reassert their response to paragraph 28.

Paragraph 120. This paragraph restates the allegations in paragraph 31, which were restated in paragraphs 87, 90 and 117. Defendants restate and reassert their response to paragraph 31.

Paragraph 121. This paragraph restates the allegations in paragraph 32, which were restated in paragraph paragraphs 87, 90 and 117. Defendants restate and reassert their response to paragraph 32.

Paragraph 122. This paragraph restates the allegations in paragraph 33, which were restated in paragraphs 87, 90 and 117. Defendants restate and reassert their response to paragraph 33.

Paragraph 123. This paragraph restates the allegations in paragraph 54, which were restated in paragraphs 87, 90 and 117. Defendants restate and reassert their response to paragraph 54.

Paragraph 124. This paragraph restates the allegations in paragraph 55, which were restated in paragraphs 87, 90 and 117. Defendants restate and reassert their response to paragraph 55.

Paragraph 125.  This paragraph restates the allegations in paragraph 56, which were restated in paragraphs 87, 90 and 117.  Defendants restate and reassert their response to paragraph 56.

Paragraph 126. Defendants admit that Ms. Blooms' PCS orders refer to her job title as a Strategic Planner.  Defendants deny the remaining allegations in this paragraph.

Paragraph 127.  Defendant denies the allegations contained in this paragraph.

Paragraph 128.  Defendants restate and reassert their responses to paragraphs 1-127.

Paragraph 129.  This paragraph restates the allegations in paragraph 17, which were restated in paragraphs 87, 90, 117 and 128.  Defendants restate and reassert their response to paragraph 17.

Paragraph 130.  This paragraph restates the allegations in paragraph 18, which were restated in paragraphs 87, 90, 117 and 128.  Defendants restate and reassert their response to paragraph 18.

Paragraph 131. This paragraph restates the allegations in paragraph 19, which were restated in paragraphs 87, 90, 117 and 128.  Defendants restate and reassert their response to paragraph 19.

Paragraph 132.  This paragraph restates the allegations in paragraph 20, which were restated in paragraphs 87, 90, 117 and 128.  Defendants restate and reassert their response to paragraph 20.

Paragraph 133.  This paragraph restates the allegations in paragraph 21, which were restated in paragraphs 87, 90, 117 and 128.  Defendants restate and reassert their response to paragraph 21.

Paragraph 134. This paragraph restates the allegations in paragraph 22, which were restated in paragraphs 87, 90, 117 and 128.  Defendants restate and reassert their response to paragraph 22.

Paragraph 135.  This paragraph restates the allegations in paragraph 23, which were restated in paragraphs 87, 90, 117 and 128.  Defendants restate and reassert their response to paragraph 23.

Paragraph 136. This paragraph restates the allegations in paragraph 58, which were restated in paragraphs 87, 90, 117 and 128.  Defendants restate and reassert their response to paragraph 58.

Paragraph 137.  Defendant denies the allegations in this paragraph.

Paragraph 138.   Defendants restate and reassert their responses to paragraphs 1-137.

Paragraph 139.  This paragraph restates the allegations in paragraph 102, which were restated in paragraphs 117, 128 and 138.  Defendants restate and reassert their response to paragraph 102.

Paragraph 140.  Defendants deny the allegations contained in this paragraph.

Paragraph 141.  Defendants deny the allegations contained in this paragraph.

Paragraph 142.  Defendants deny the allegations contained in this paragraph.

Paragraph 143.  Defendants deny the allegations contained in this paragraph.

Paragraph 144.  Defendants deny the allegations contained in this paragraph.

Paragraph 145.  Defendants deny the allegations contained in this paragraph.

PRAYER FOR RELIEF

Plaintiff's prayer for relief, which appears on the pages 27 and 28 of the Complaint and sub-paragraphs a through i requires no response.  To the extent plaintiff's prayer for relief and sub-paragraphs a through i contain any allegations of fact, defendants deny them.  Defendants

further deny that plaintiff is entitled to the relief sought in the Complaint, or to any relief whatsoever.

Except to the extent expressly admitted or qualified above, Defendants deny each and every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff failed to exhaust her administrative remedies.

Plaintiff's current action is barred for lack of jurisdiction.

Defendants reserve the right to assert additional defenses based on information obtained and/or developed during discovery.

Respectfully submitted,

_____/s_____
KENNETH L. WAINSTEIN., D.C. Bar #451058
United States Attorney

_____/s_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____/s_____
KEVIN K ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 353-9895