## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SHEILA A. BLOOM** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1804 (HHK)** |
| | ) | |
| **FRANCIS J. HARVEY, Secretary,** | ) | |
| **United States Army  et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

### RULE 16.3 REPORT

_____Pursuant to this Court's May 10, 2006 Order, Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f), defendants submit this Rule 16.3 Report.  Although this Court's Order and the Rules contemplate a joint report, defendants have attempted to reach counsel for plaintiff and left messages for him, but, as of the filing of this Report, those messages have not been returned. Thus, defendants are not able to report to the Court on plaintiff's position regarding the following issues.

**1.      Likelihood This Case Will Be Disposed Of By Dispositive Motion**

Defendants believe that this Case will be resolved by dispositive motion following the close of discovery.

**2.      Date For Joining Other Parties**

Defendants do not anticipate joining additional parties.

**3.      Assignment To A Magistrate Judge**

_____Defendants do not consent to the assignment of this case to a Magistrate Judge for all purposes.

**4.     Possibility Of Settlement**

Defendants do not believe there is a possibility of settlement at this early stage of the litigation, but will reevaluate this position as discovery progresses.

**5.     Alternative Dispute Resolution**

Defendants believe that, although there is little possibility of settlement at this time, this case would benefit from the assignment of the case to a Magistrate Judge for settlement purposes following the close of discovery.

**6.     Dispositive Motion Schedule**

Defendants propose that dispositive motions should be due 45 days after the close of discovery, oppositions filed 30 days thereafter, and replies filed 20 days after oppositions.

**7.     Initial Disclosures**

Defendants propose that initial disclosures should be made in accordance with the Federal Rules of Civil Procedure.

**8.     Discovery**

Defendants propose that discovery begin with the issuance of a scheduling order and end 180 days thereafter.

**9.     Expert Reports**

Defendants propose that plaintiff make all 26(a)(2) disclosures 60 days prior to the close of discovery and defendants shall make all 26(a)(2) disclosures 30 days prior to the close of discovery.  Experts may be deposed up to the close of discovery.

10.    **Class Actions**

This topic is not applicable to this case.

11.    **Bifurcation Of Trial Or Discovery**

Defendants do not believe that bifurcation is necessary in this action.

12.    **Pretrial Conference Schedule**

Defendants propose that the Court set a status conference following the conclusion of discovery and schedule a pretrial conference at that status conference.

13.    **Trial Date**

Defendants propose that the Court set a trial date at the pretrial conference.

14.    **Other matters**

None.

## STATEMENT OF THE CASE

Plaintiff Sheila A. Bloom brings this case pursuant to Title VII the Civil Service Reform Act ("CSRA"), and the Whistleblower Protection Act ("WPA"), alleging employment discrimination on the basis of gender, retaliation for previous protected activity and retaliation for alleged whistle blowing.  Plaintiff alleges that she was given a less prestigious job title, that her security clearance was allowed to lapse and that she was denied a transfer request.  Plaintiff also alleges that a series of lesser personnel actions were taken for either discriminatory or retaliatory reasons.

Plaintiff's allegations are entirely without merit; defendants' actions regarding plaintiff were at all times legal and proper.  Because defendants' actions were legal and proper at all times, plaintiff is not entitled to any of her requested relief, or any relief whatsoever.

3

_____/s/_____

KENNETH L.  WAINSTEIN, D.C.  Bar #451058
United States Attorney


_____/s/_____

RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____/s/_____

KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C.  20530
(202) 353-9895

4