UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SHEILA A. BLOOM,                    )
                                    )
            Plaintiff,              )
                                    )  Civil Action No. 05-1804 (HHK)
    v.                              )
                                    )
FRANCIS J. HARVEY, SECRETARY        )
UNITED STATES ARMY, et. al.,        )
                                    )
            Defendants.             )
_____)

## JOINT RULE 16.3 REPORT

Pursuant to Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f), the parties hereto submit this joint Rule 16.3 Report.

**1. Likelihood this Case will be Disposed of by Dispositive Motion**

Defendants believe that this Case can be resolved by dispositive motion following the close of discovery. Plaintiff believes this matter will not be resolved by dispositive motion.

**2. Date for Joining Other Parties**

Both parties do not anticipate joining additional parties.

**3. Assignment to a Magistrate Judge**

The parties do not consent to the assignment of this case to a Magistrate Judge for all purposes.

**4. Possibility of Settlement**

Defendants do not believe there is a possibility of settlement at this early stage of the litigation, but will reevaluate this position as discovery progresses.  Plaintiff remains hopeful that settlement can be achieved.

**5.   Alternative Dispute Resolution**

Defendants believe that, although there is little possibility of settlement at this time, this case would benefit from the assignment of the case to a Magistrate Judge for settlement purposes following the close of discovery.  Plaintiff concurs with the assignment of the case to a Magistrate Judge for settlement purposes.

**6.  Dispositive Motion Schedule**

The parties propose that dispositive motions should be due 30 days after the close of discovery, oppositions filed 30 days thereafter, and replies filed 20 days after oppositions.

**7.  Initial Disclosures**

The parties propose that initial disclosures should be made by September 15, 2006.

**8.  Discovery**

The parties propose that discovery begin with the issuance of a scheduling order and end 180 days thereafter.

**9.  Expert Reports**

The parties propose that plaintiff make all 26(a)(2) disclosures 60 days prior to the close of discovery and defendants shall make all 26(a)(2) disclosures 30 days prior to the close of discovery. Experts may be deposed up to the close of discovery.

**10.  Class Actions**

This topic is not applicable to this case.

**11. Bifurcation of Trial or Discovery**

The parties do not believe that bifurcation is necessary in this action.

**12. Pretrial Conference Schedule**

The parties propose that the Court set a status conference following the conclusion of discovery and schedule a pretrial conference at that status conference.

**13. Trial Date**

The parties propose that the Court set a trial date at the pretrial conference.

**14. Other matters**

None.

## STATEMENT OF THE CASE

Plaintiff Sheila A. Bloom brings this case pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 2302; and the Whistleblower Protection Act ("WPA"), 5 U.S.C. §§ 1211, *et seq.*, alleging a hostile work environment, retaliation based on previous protected activity, sex discrimination and whistleblower discrimination. Plaintiff alleges that she was discriminated against and otherwise subjected to a hostile work environment as a result of, *inter alia*, issuing Plaintiff a letter of reprimand based on false and defamatory accusations, issuing an unwarranted 30 working day suspension, refusing to adjust her job title and description, subjecting her to verbal abuse, improper performance review, failing to renew her security clearance, interference with work assignments, refusal to assign valid work, moving her work station, reversing a Quality Step Increase, improperly placing Plaintiff on a Performance Improvement Plan, reversing a pre-

approved transfer, and giving Plaintiff a less prestigious job title.  Defendant asserts that Plaintiff's allegations are without merit; that defendants' actions regarding plaintiff were at all times legal and proper and that, because defendants' actions were legal and proper at all times, plaintiff is not entitled to any of her requested relief, or any relief whatsoever.

      Respectfully submitted,


_____/s/\_ with permission\_\_\_
Michael D. Kohn, D.C. Bar. No. 425617

_____/s/_____
David K. Colapinto, D.C. Bar No. 416390
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, D.C.  20007
Phone: (202) 342-6980
Fax: (202) 342-6984
Attorneys for Plaintiff



_____/s_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 353-9895
Attorneys for Defendants