UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SHEILA A. BLOOM,                    )
                                    )
               Plaintiff,       )
                                    ) Civil Action No. 05-1804 (HHK)
     v.                             )
                                    )
FRANCIS J. HARVEY, SECRETARY        )
UNITED STATES ARMY, et. al.,        )
                                    )
              Defendants.     )
_____)

**PLAINTIFF COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff's counsel hereby respond to this Court's July 10, 2006 Order to Show Cause.

First and foremost, both Plaintiff's counsel apologize unconditionally and acknowledge their understanding of the scheduling difficulties and time pressure this Court confronts on a daily basis. As officers of this court, we understand that it is our duty to minimize such scheduling and time pressures whenever possible and that we regretfully failed to do so on July 7, 2006. We are sorry for any disrespect or inconvenience resulting from the failure to comply with the Court's scheduling order.

We owe this Court a full explanation of the events leading to this mishap and we owe this Court an explanation of the corrective action undertaken to ensure that this situation will not arise again. In this case, two attorneys from the firm, Michael Kohn, who is lead counsel, and David Colapinto, who is assisting on the case, filed a notice of appearance. Both Mr. Kohn and Mr. Colapinto have litigated numerous cases in the U.S. District Court for the District of Columbia and have always fulfilled their meet and confer obligations under Fed. R. Civ. P., Rule 26(f) and Local Civil Rule 16.3 in a timely manner in those other cases. On May 10, 2006, this

Court issued its Order for Initial Scheduling Conference.  Pursuant to LcvR 16.3(a) and Fed. R. Civ.P. 26(f), the parties were jointly responsible for arranging a conference and to jointly submit to the Court, within 14 days after the conference, a written report.  The May 10, 2006 Order further required counsel to jointly file their written report or a supplemental statement with the Court "no later that 72 hours prior to the initial scheduling conference" which was set for July 7, 2006 at 2:30 pm.   The Joint Report and supplemental statement therefore had to be filed no later than 2:30 pm on July 4, 2006.

      Michael Kohn observed that the May 10 2006 Order had been issued and specifically directed a non-lawyer staff member of the firm to download the Order and place it in the client's electronic case file and further directed that the dates identified in the Order be entered directly into the firm's electronic calendar.  Mr. Kohn thereafter left the country on May 13, 2006 to participate at an international conference in Jerusalem, Israel.  At the time of his departure he understood that the firm's electronic calendar would reflect all of his scheduling matters, including the date of that the Joint Report was to be filed and the July 7, 2006 scheduling conference that was set for the instant matter.  Mr. Kohn was reliant on the firm's electronic calendar as he would be away from the office for a substantial period of time and essentially did not plan on returning to the firm's offices due to other professional and personal commitments until after July 4, 2006.  While he was out of the office Mr. Kohn did not have access to his desk calendar.  Instead, he routinely checked his electronic mail, voice mail messages, and relied on the firm's electronic calendar to check and record his scheduling matters.  Mr. Kohn did not realize that human error resulted in the firm's electronic calendar failure to reflect the date the Joint Report was due and failure to reflect the date of the scheduling conference.  The Joint Report was to be filed no later than July 4, 2006 by opposing counsel.  However, the fact that

this filing date was not in the firm's electronic calendar meant that Mr. Kohn's ability to meet this filing obligation defaulted to communication with opposing counsel.  However, the firm's records do not reflect any phone messages having been left for Mr. Kohn by the government's counsel.  At no time did Mr. Kohn receive word that anyone attempted to telephonically contact him by phone or email concerning this matter.  Moreover, during Mr. Kohn's physical absence from the firm's offices, Mr. Colapinto remained available and was physically present in the firm's office.  However, Mr. Colapinto was not contacted either by phone or by email by the government's attorney prior to the commencement of the status conference on July 7.  Had the government's attorney asked to speak to Mr. Colapinto, the calendaring error would have been corrected.

     In addition, as Mr. Kohn was checking his electronic mail on a daily basis, had opposing counsel filed its report by July 4, 2006, Mr. Kohn would have realized that the firm's electronic calendar had not been updated and immediate corrective action would have followed, including conferring with the government's counsel to ensure that a joint report was filed before the scheduling conference was to commence and ensure his attendance at the scheduling conference.  Unfortunately, the government's counsel filed a report the evening before the scheduling conference was to commence, July 6, 2006, at 6:35 pm. Mr. Colapinto was in the firm's offices on July 5th and July 6th but was not contacted by phone or email by government counsel prior to the government filing a meet and confer report.  When Mr. Colapinto saw that the government had on July 6th electronically filed a meet and confer report, he presumed from the title of the filing that it was a joint report since the local rules require joint meet and confer reports, he knew that Mr. Kohn was responsible for the filing and he assumed that the government's counsel had conferred with Mr. Kohn and the government had filed the joint meet and confer report on behalf

of the parties after consultation with Mr. Kohn. As Mr. Kohn last checked his email messages on July 6, at 4:30 pm and did not have an opportunity to recheck his email before leaving from the Virginia shore early the next morning. Where Mr. Kohn hoped to arrive at the firm's offices before noon on July 7, 2006, traffic delays delayed his arrival until after 2:30 pm. There is no record of anyone having contacted Mr. Kohn's law firm via telephone concerning this matter and Mr. Kohn was never told that anyone had attempted to contact him concerning this matter.

While certain action on the part of the government's counsel would have alerted Plaintiff's counsel there was a problem and led to a correction of the situation and avoided the failure of Plaintiff's counsel to attend the status conference on July 7, these facts are not raised or intended to shift blame or responsibility to the government's counsel concerning Plaintiff's counsel's failure in this matter. Plaintiff's counsel acknowledge that we had an independent duty to ensure compliance with this Court's Order and acknowledge and take full responsibility for not ensuring that the joint report was timely filed and for failing to attend the scheduling conference.

As a result of this fiasco, the firm has taken corrective action to ensure that a similar problem will not arise. The past practice of the firm placed responsibility with the lead counsel to enter scheduling matters into the firm's electronic calendar. In the instant matter, the lead counsel, Mr. Kohn, took action to have the dates entered into the firm's electronic calendar but, unbeknownst to Mr. Kohn, human error prevented the dates from being entered. To prevent reoccurrence, the firm has instituted a policy requiring that two attorneys be assigned to each federal case and that each of the attorneys must independently confirm that scheduling matters have been properly recorded into the firm's electronic calendar. Had this practice been in place the regretful incident in this matter would not have happened.

**Conclusion**

Plaintiff's counsel apologize to the Court and opposing counsel, and we are truly sorry. We ask the Court to accept that our failure to attend the status conference and timely fulfill the court's meet and confer obligations were inadvertent and that while where there should have been numerous opportunities to rectify the situation fate would have it otherwise; we ask the Court to consider that the firm took swift corrective action to address the human error that was the root cause of the failure to abide by the court's May 10, 2006 scheduling Order; and most importantly, we ask the Court to accept our apology.

Respectfully submitted,

_____/s/_____
Michael D. Kohn, D.C. Bar. No. 425617

_____/s/_____
David K. Colapinto, D.C. Bar No. 416390
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, D.C. 20007
Phone: (202) 342-6980
Fax: (202) 342-6984
Attorneys for Plaintiff

July 21, 2006