UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
SHEILA A. BLOOM,                            )
                                            )
                    Plaintiff,              )
                                            )
    v.                                      )   Civil Action No. 05-1804 (HHK)
                                            )
FRANCIS J. HARVEY, SECRETARY                )
UNITED STATES ARMY, *et. al.*,              )
                                            )
                    Defendants.             )
_____)

### MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL AND MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF

Pursuant to LCvR 83.6(c), Michael D. Kohn and David K. Colapinto with the law firm of Kohn, Kohn & Colapinto, LLP, hereby move this honorable Court to grant their motion to withdraw as counsel to Plaintiff, Sheila A. Bloom, in the above captioned proceeding. As stated in the memorandum of points and authorities herein, good cause exists for the granting of this motion.

Plaintiff's counsel contacted Defendants' counsel to ascertain their position on this motion. Defendants' counsel authorized the below-signed counsel to state that Defendants consent to the granting of this motion.

The client, Sheila Bloom, has not yet made a determination whether she will consent or oppose this motion and has advised her counsel that she will be prepared to take a position on the motion during the upcoming September 6, 2007 status conference to be held in the above-captioned matter. Undersigned counsel seeks to protect the confidences and secrets of the client to the fullest extent possible. As the client may consent to this motion, the need to reveal any information that may relate to the attorney-client relationship would be moot. As such,

Plaintiff's counsel submits their memorandum of points and authorities herein based upon information that does not touch upon the confidences or secrets of the client.

A proposed order is submitted herewith.

### MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, Sheila A. Bloom, is currently represented in this matter by Michael D. Kohn and David K. Colapinto, both with the law firm of Kohn, Kohn & Colapinto, LLP. This Memorandum of Points and Authorities is filed in support of Plaintiff counsels' motion to withdraw representation pursuant to LCvR 83.6(c).

#### A.   Procedural Background

The parties submitted a Joint Rule 16.3 Report On July 20, 2006 [Doc. #16]. A scheduling conference was held on August 16, 2006. A draft scheduling order was submitted to chambers that same day via email. To date, a scheduling order in this matter has not been issued. The parties exchanged, in September of 2006, initial disclosure statements pursuant to Fed. R. Civ. P. Rule 26(a)(1). On September 29, 2006, Plaintiff's counsel served upon Defendants' counsel Plaintiff's First Request for Interrogatories and Production of Documents. Defendants have yet to responded to these discovery requests.

Opposing counsel entered into settlement discussions which have concluded without a settlement having been reached.

Discovery has not commenced with the exception of Plaintiff's outstanding discovery requests. No trial date has been set. A status conference in currently set for September 6, 2007.

Plaintiff's counsel provided Ms. Bloom with notice of the status conference scheduled for September 6, 2007. It is counsel's understanding that Plaintiff will attend this status conference.

#### B.   Good Cause Exists for the Granting of the Motion

Motions to withdraw as counsel are governed by LCvR 83.6 (c) and (d). The application of this rule is discussed in *Honda Power Equip. Manufacturing, Inc., v. Woodhouse*, 219 F.R.D. 2 (D.D.C. 2003). Below-signed counsel satisfies the good cause standard articulated in *Honda Power*.

First, Defendants, through counsel, have consented to the granting of this motion.

Second, the client may consent to the granting of the motion. If the client consents then it would be inappropriate to discus other factual bases that may exist for the granting of the motion. If the client does not consent to the motion, below-signed counsel will be prepared to submit, *under seal* and *in camera*, as may be permitted by the Court, a reply to the objection and/or a supplemental memorandum of points and authorities establishing good cause for the withdrawal of counsel.

Third, without revealing any confidences or secrets of the client, it is part of the public record that Ms. Bloom currently represents herself, *pro se,* in a civil action she herself prepared and filed with this Court as a related case.[1] This case is in fact related to and overlaps the above-captioned matter with the client currently representing herself in this related matter. It is also a matter of public record that Ms. Bloom has represented herself, pro se, in numerous other forums on related matters, including her recent successful representation of herself with respect to her disability retirement and her recent representation of herself before the United States Court of Appeals for the Federal Circuit, *Bloom v. Dept. of the Army,* 2007 WL 1725492, (Not Selected

---

[1] *See Sheila A. Bloom v. Peter Geren, et al.,* C.A. No. 1:07-cv-00979-HHK (D.D.C.). In the new civil action Plaintiff submitted a Notice of Designation of Related Civil Cases form, observing that the cases "involve[] common issues of fact". *Id.,* Notice of Related Case [Doc. # 2]. The Court may take judicial notice of the fact that Ms. Bloom incorporated the factual basis of the first complaint as part of her second complaint. *Id.,* Complaint at ¶78 [Doc. # 1].

for publication in the Federal Reporter), C.A.Fed., June 11, 2007 (NO. 2007-3102).

Good cause is further established by virtue of the fact that there are no outstanding motions, no trial date has been set, and a scheduling order has not been issued. Furthermore, below-signed counsel definitively notified the client of the need to withdraw on July 13, 2007. Finally, no prejudice to the client will occur because below-signed counsel intends to immediately turn over to the client all documents related to her case.

Undersigned counsel seeks to protect the confidences and secrets of the client to the fullest extent possible. Because the client may consent to this motion, the need to submit additional factual bases for the motion would be imprudent and unnecessary. If the client opposes the motion, below-signed counsel will at that submit a response to the opposition *in camera* and under seal, as the court may deem appropriate.

## Conclusion

For the reasons set forth herein, below-signed counsels' motion to withdraw representation of Sheila A. Bloom, should be granted.

                                              Respectfully submitted,

/s/ Michael D. Kohn
Michael D. Kohn, D.C. Bar. No. 425617

/s/ David K. Colapinto
David K. Colapinto, D.C. Bar No. 416390

KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, D.C.  20007-2756
Phone: (202) 342-6980
Fax: (202) 342-6984
Attorneys for Plaintiff

Dated: August 30, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Withdraw As Plaintiff's Counsel and Memorandum of Points and Authorities in support thereof, was served upon Defendants' counsel via the ECF system, and was served upon Plaintiff by email to amazingartisans@comcast.net and by overnight (Federal Express) mail, on this 30th day of August, 2007, to the following address:

Sheila A. Bloom
1712 Cedarpark Rd.
Annapolis, MD  21401


By:    /s/ Michael D. Kohn
       Michael D. Kohn, D.C. Bar. No. 425617